JAY BURGE, Respondent, v. WESTCHESTER ELECTRIC RAILWAY COMPANY, Appellant.— In an action by plaintiff to recover damages alleged to have been sustained while he was a passenger on the defendant's street car, plaintiff had a verdict. Judgment and order reversed on the law and the facts and a new trial ordered in the City Court of Mount Vernon, with costs to appellant to abide the event, on the grounds that the verdict was against the weight of the evidence and that the question of negligence was not clearly submitted to the jury. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.

CENTRAL HANOVER BANK AND TRUST COMPANY (Successor by Merger to CENTRAL UNION TRUST COMPANY OF NEW YORK), as Trustee under the Last Will and Testament of SELMAR HESS, Deceased, of the Trusts Created Thereby for the Benefit of GERTRUDE R. H. ELKUS and RUTH HESS ALBERT, Appellant, v. CLARA EISNER and Others, Defendants; THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and JOSEPH ROE (Sometimes Known as JOSEPH A. ROSE), as Trustees under the Last Will and Testament of BETTY SATZ, Also Known as BETTIE SATZ, and BERTHA SATZ, Deceased, in Trust for CLARA EISNER, Respondents.— Order denying the plaintiff's motion to confirm the report of an official referee, by which report the value of the property, the subject of the foreclosure action, is fixed at $9,800, and which order fixed the value at $12,000, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

CITY BANK FARMERS TRUST COMPANY, as Trustee under an Agreement Dated August 17, 1929, made by ESTHER GITEL KLEIN, Appellant, v. ESTHER GITEL KLEIN and Others, Defendants; ANNA TRONE, Individually and as Guardian ad Litem for MIRIAM TRONE, an Infant, etc., and HILDA G. PERSITZ (nee SKIDELSKY), CLARENCE C. CAMPBELL, as Guardian ad Litem for SOPHIE STEINBERG and ARMAND LEON KLEIN, Infants, etc., Respondents.— Order of July 27, 1936, granting reargument of motion granted by order of October 31, 1935, and on reargument adhering to said order of October 31, 1935, modified by granting the motion as to defendant Miriam Trone and denying it as to defendants Anna Trone and Hilda Grace Persitz, by providing that as to said Miriam Trone the judgment is vacated and her default is opened, and by further providing that in the event that said defendant consent to an interlocutory judgment she be permitted to file her objections, if any, to the account herein within twenty days after the entry of said judgment. As so modified, the order is affirmed, without costs. Said defendant may serve an answer within ten days from the entry of the order hereon. Appeal from order of October 31, 1935, dismissed, without costs. Hagarty, Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs, but is of opinion that the order should be further modified by providing that the denial as to Anna Trone and Hilda Grace Persitz is without prejudice to a renewal of the application in the event that Miriam Trone succeeds on the merits.